[Parkinson v. Manny et al.]

## DECISION OF THE DISTRICT COURT OF ALLE-GHENY COUNTY, PITTSBURGH, 1850.*

## Parkinson *versus* Manny et al.

1. Coal-boats are not such ships or vessels, as are within the meaning and intention of the Act of Assembly of 13th June, 1826, relating to the attachment of vessels.

2. Vessels of a permanent and substantial character, such as make repeated voyages, either at sea or upon our rivers and canals, are contemplated by the Act, and not such as are merely temporary.

3. A libel under the Act, against two vessels jointly, is illegal.

ON the 12th of October, 1850, William Parkinson filed a libel in the office of the prothonotary of the District Court, under the Act of 13th June, 1836, authorizing attachments against ships and vessels, for work done, and materials furnished, in building or repairing the same, in which he claimed $140, amount due by Messrs. Manny & Gallagher, for lumber furnished for fitting out two coal-boats, which were then loaded and about to proceed down the river, to their place of destination. A writ of attachment was issued, and the boats taken by the sheriff.

The respondents obtained a rule to show cause why the libel and attachment should not be set aside, and filed their reasons, among which are the following:

"Flatboats, such as those attached, are not such "*ships and vessels*" as are within the meaning and intention of the said Act. And even if they were, yet the requisites and provisions of the Act have not in this case been complied with.

·*Flannegin*, for libellant.

*Shannon* and *Rogers*, for respondents.

HEPBURN, J.—This is a motion to set aside the plaintiff's libel and attachment thereon, issued against two coal-boats, of which defendants are the owners, or reputed owners.

The principal ground of the motion is, that coal-boats are not such ships or vessels as are within the meaning and intention of the Act of the 13th June, 1836, relating to the attachment of vessels.

*Although not of binding authority, this case was decided by a court whose decisions are entitled to great respect, and being the only one upon this section of the Act of Assembly, within the knowledge of the reporter, he has deemed it of sufficient importance to give it place.

A reference to the previous legislation upon this subject, shows that it was confined to sea-going vessels; but the act above referred to, and the one now in force is, with obvious propriety, much broader in its bearing, and clearly includes all vessels of a permanent character, and which are used for repeated voyages, either to sea, or upon our rivers and canals.

The language of the 1st section of the act is, "that ships and vessels of all kinds, built, repaired, or fitted within this Commonwealth, shall be subject to a lien for work done, or material found," &c.

The words "vessels of all kinds," are broad enough to include craft of every description, great or small, and indeed I do not perceive that there is anything in that section, that would confine the lien to boats or floating vessels, but it might include even vessels in domestic use. The translation of the language is found in the subsequent parts of the act.

We then find, throughout, that vessels of a permanent character, such as make repeated voyages, are contemplated.

It speaks of the lien continuing until the vessel has proceeded on her first voyage. Also, of vessels named, and being under the charge of a master or captain. We think the whole language of the act contemplates a ship or vessel of a permanent and substantial character; and I cannot think that it is intended to include wherry-bottoms, or other temporary and small craft.

The coal-boat is intended for one voyage only, is perishable, and constructed in a rude and cheap manner, and is valuable as much for the lumber of which it is built, as for the labor bestowed upon it, and is always broken up at the place of destination, and the lumber sold. I think they are not of that permanent character, contemplated by the act.

But there are also fatal defects in the plaintiff's libel. It is filed against two vessels or boats, jointly, and the act contemplates no such proceeding, but every libel must be single, and against a single vessel. Then there is no bill of particulars attached, and we have neither quantity, quality, date, nor amount of the lumber furnished, or work done, which is not in accordance with the practice or the act referred to.

The rule is made absolute.